UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAYSON AMOROSO (individually and in his capacity as 50 percent owner of NEW WAY RECRUITING LLC),<br><br>Plaintiff,<br><br>v.<br><br>TERESA SCHMITT (individually and in her capacity as 50 percent owner of NEW WAY RECRUITING LLC), et al.,<br><br>Defendants. | CIVIL ACTION NO. 13-5297 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE PLAINTIFF**, Jayson Amoroso, brings this action in his individual capacity and in his capacity as 50 percent owner of New Way Recruiting LLC ("NWRLLC"), against the defendants, (1) Teresa Schmitt, in her individual capacity and in her capacity as 50 percent owner of NWRLLC, (2) Kylmar Solutions LLC ("KSLLC"), and (3) "John and Jane Does 1-10". (See dkt. entry no. 1, Compl.; dkt. entry no. 3, Am. Compl.)  Amoroso seeks to recover damages for (1) breach of fiduciary duty, (2) misappropriation, (3) fraudulent misrepresentation, (4) breach of management duties, (5) tortious interference with prospective economic advantage, (6) unfair competition, and (7) conspiracy to commit a tort.  (See Am. Compl. at 7-10.)

**AMOROSO** brought the action on September 4, 2013.  (See generally dkt. entry no. 1 (noting filing date).)  He asserts

subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) ("Section 1332(a)(1)"). (See Am. Compl. at 2.)

**THE COURT** intends to dismiss the Amended Complaint without prejudice, as the plaintiff's allegations are deficient on several grounds. See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss complaint if jurisdiction is lacking).

**AMOROSO** fails to allege his own citizenship or Schmitt's citizenship. Amoroso merely alleges that he "resides" in New Jersey and that Schmitt "resides" in Pennsylvania. (See Am. Compl. at 2.) See McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegation as to mere residency is "jurisdictionally inadequate" in action brought under Section 1332(a)(1)); see also O'Brien v. Nowicki, 490 Fed.Appx. 506, 508 n.2 (3d Cir.) (stating "[o]f course, citizenship and residency are not synonymous"), cert. denied, 133 S.Ct. 2376 (2013).

**AMOROSO** fails to properly allege KSLLC's citizenship. Amoroso alleges, without more, that (1) KSLLC "is a Limited Liability Company formed under the laws of . . . Pennsylvania" with "a principal place of business [in] Pennsylvania", and (2) Schmitt has an ownership interest in KSLLC. (Am. Compl. at 2.) But limited liability companies are unincorporated associations. Thus, they are deemed to be citizens of the states in which all of their members are citizens, not the states in which (1) they were formed, (2) they have their principal places of business,

and (3) only one of the members is a citizen. <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 418-20 (3d Cir. 2010). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. <u>Id.</u> at 420. The name and citizenship of each member must be specifically alleged. See <u>S. Freedman & Co. v. Raab</u>, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); <u>Vail v. Doe</u>, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**AMOROSO** fails to allege the citizenship of "John and Jane Does 1-10", even though he asserts substantive allegations against them. (See Am. Compl. at 1, 9-11.) Here, Amoroso must allege the citizenship of each fictitious defendant in order to demonstrate that the Court has subject-matter jurisdiction under Section 1332(a)(1). See <u>Howell v. Tribune Entm't Co.</u>, 106 F.3d 215, 218 (7th Cir. 1997) (stating that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits"); <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 31-32 (3d Cir. 1985) (concluding "that the Doe allegations here are sufficient on their face to defeat diversity jurisdiction" because they were asserted "[w]ith

[a] degree of specificity", and thus "we cannot say that the Doe defendants are mere 'phantoms' who 'live not and are accused of nothing'").

**IT ALSO APPEARS** that Amoroso brings this action on behalf of NWRLLC against Schmitt in her capacity as a member of NWRLLC.[1] This is not jurisdictionally permissible. See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *3 (E.D. Pa. Dec. 8, 1995) (stating there is common citizenship on both sides of action when unincorporated entity and member of that entity are adversaries); DPCC, Inc. v. Cedar Fair, L.P., 21 F.Supp.2d 488, 490 (E.D. Pa. 1998) (granting motion to remand where unincorporated entity and member of that entity are adversaries); Nomura Asset Capital v. Overland Co., No. 02-1604, 2003 WL

---

[1] Amoroso makes several allegations on behalf of NWRLLC. (See, e.g., Am. Compl. at ¶ 21 ("Neither Mr. Amoroso nor New Way approved of or knew about this agreement."); ¶ 23 ("Neither Mr. Amoroso nor New Way approved of or knew about this agreement."); ¶ 53 ("Ms. Schmitt intentionally made false statements of fact and failed to communicate material facts to Mr. Amoroso so that she could engage in transactions that would personally benefit her individually, while damaging Mr. Amoroso and New Way."); ¶ 67 ("Kylmar Solutions LLC and Jane and John Does 1-10 jointly, severally and/or alternatively intentionally, tortiously and unjustifiably interfered with the relationships between New Way and its clients as part of the scheme to divert business away from Plaintiff and New Way for their own benefit."); ¶ 76 ("New Way (and, as 50% owner, Plaintiff) has suffered a loss of and/or harm to its competitive advantage and reputation, loss of the confidentiality of its information, and/or loss of fair competition.").)

138093, at *1-3 (D. Del. Jan. 8, 2003) (same). When the first member on behalf of an unincorporated entity brings an action against the second member in the second member's capacity as a member of the same unincorporated entity, "the doors of the federal courts" are "effectively close[d]" to that action. Bankston v. Burch, 27 F.3d 164, 168-69 (5th Cir. 1994). Furthermore, it appears that NWRLLC's presence is required in this action. See Fed.R.Civ.P. 19(a)(1).

**AMOROSO** has failed to show that complete diversity of citizenship exists here. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Amended Complaint, but will do so without prejudice to Amoroso to exercise one of two options within thirty days. Amoroso may recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint. See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980). Or Amoroso may move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with supporting documentation:

(1) demonstrating which state he was a citizen of specifically on September 4, 2013;

(2) demonstrating which state Schmitt was a citizen of specifically on September 4, 2013;

(3) listing each member — including each non-managing and non-individual member — within KSLLC on September 4, 2013, and analyzing the citizenship of each member within KSLLC as it existed specifically on September 4, 2013;

(4) demonstrating which states "John and Jane Does 1-10" were citizens of specifically on September 4, 2013; and

(5) addressing the apparent jurisdictional bar to this action in federal court.

**IF AMOROSO** opts to move to reopen in federal court, then he will do so at his own peril, as the Court will not further extend the thirty-day period to proceed in state court. Amoroso is also advised that jurisdiction is measured "against the state of facts that existed at the time of filing", and thus he must explicitly allege citizenship as it existed on September 4, 2013. Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).

**THE COURT** cautions Amoroso — if he opts to move to reopen — against restating the allegations from the Amended Complaint. The Court advises Amoroso that an allegation as to where any individual party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v.

Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008). The Court also advises Amoroso that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as Amoroso should have ascertained subject-matter jurisdiction before choosing to bring the action in federal court.

**AS AMOROSO** is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004). The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: November 13, 2013